IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALEXA SPRIGGS, et al, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Case No.: 1:20-cv-3395 |
| | * | |
| GEORGE MERLING, et al. | * | |
| | * | |
| Defendants. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## JOINT MOTION FOR APPROVAL OF SETTLEMENT

Plaintiffs Alexa Spriggs and Ian Beattie ("Plaintiffs"), jointly with Defendants George Merling and Allegany Medical Marijuana Dispensary, LLC ("Defendants"), by and through their respective attorneys, hereby file this Joint Motion for Approval of Settlement.

The Parties have resolved this action and all claims raised in it with the exception of attorney's fees to be awarded to Plaintiffs, and stipulate to dismissal with prejudice of this action pursuant to Fed. R. Civ. P. 41 once Defendants comply with the settlement terms and pay Plaintiffs the amounts agreed to in settlement and satisfy any award of attorney's fees issued by the Court. Accordingly, the Parties jointly move the Court for entry of an Order approving the Parties' settlement and dismissing the claims raised in this action under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 201 *et seq.*; the Maryland Wage and Hour Law ("MWHL") MD. CODE ANN., LAB & EMPL. § 3-401, *et seq.*; the Maryland Wage Payment and Collection Law ("MWPCL"), MD. CODE ANN., LAB. & EMPL. § 3-501, *et seq*; and for wrongful discharge of employment in violation of Maryland public policy and declaratory judgment. The Parties also respectfully request that the Court waive a hearing on this Motion.

I.      **Background**

This case involved claims for alleged unpaid wages, including overtime wages, under the FLSA, the MWHL and MWPCL, and for alleged wrongful termination of Plaintiff Spriggs. Plaintiffs both worked for Defendants in their medical cannabis dispensary in Cumberland, Maryland.  Plaintiffs filed their Complaint against Defendants on or about November 20, 2020. Defendants filed an Answer on or about January 5, 2021, and strenuously denied all of Plaintiff's claims.

The coronavirus pandemic struck in mid-March of 2020 and complicate and delayed this case.  Eventually, the Parties completed discovery, including in-person depositions, and participated in mediation with Magistrate Judge Coulson.  With Judge Coulson's assistance, the Parties successfully agreed on the material terms of a settlement of Plaintiffs' claims, and agreed to submit the issue of attorney's fees to the Court for adjudication.

II.     **Applicable Legal Principles**

In the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, as is the case here, an employee may settle and release FLSA claims against the employer if the Parties present the Court with a settlement which the Court deems fair. Specifically, the Court must determine whether the proposed settlement "reflects a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions," which includes a finding with regard to: (1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement in light of the relevant factors from Fed. R. Civ. P. 23, and (3) the reasonableness of the attorney's fees, if included in the agreement. *Duprey v. Scotts Co., LLC*, 30 F. Supp. 3d 404

(D. Md. 2014) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982)).[1]

As set forth below, the overall settlement reached by the Parties in this case reflects a reasonable compromise over disputed issues including, without limitation, whether Plaintiffs worked any overtime and whether Plaintiff Spriggs was illegally terminated from employment. Approval of this settlement promotes the policy of encouraging settlement of litigation. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354.

**III.     Agreement of the Parties and Fairness and Reasonableness of the Settlement**

"When considering a motion to approve an FLSA settlement agreement, courts weigh a number of factors, including: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who [has] represented the plaintiff[ ]; (5) the probability of plaintiff's success on the merits[;] and (6) the amount of the settlement in relation to the potential recovery." *Saman v. LBDP, Inc.*, 2013 WL 2949047, *3 (D. Md. June 13, 2013).

In this case, there were no clear time and pay records to conclusively establish the hours Plaintiffs worked. Defendants did not maintain a comprehensive timekeeping system for their employees, and Plaintiffs did not keep any private notes of hours worked. Plaintiffs estimated that they each worked over 40 hours per week, on average. Defendants denied that Plaintiffs worked over 40 hours per week. Based on the available records and Plaintiffs' own best recollections, Plaintiffs calculated that the raw overtime wages they were owed were $17,116.503 for Plaintiff

---

[1] Notably, approval of settlement is not required with respect to any of the other claims Plaintiff s brought under the MWHL, the MWPCL, or Maryland common law.

Beattie and $14,059.50 for Plaintiff Spriggs, not including liquidated damages or non-wage damages.

This matter was hotly disputed from the outset. Defendants adamantly disputed Plaintiffs' entitlement to overtime pay, and maintained that Plaintiffs never worked any overtime whatsoever. Plaintiffs contended that it was Defendants' obligation to maintain accurate time records, therefore any ambiguity should be resolved in their favor. Defendants additionally averred that both Plaintiffs during most, if not all of their employment with Defendants were considered as exempt employees under the administrative exemption. Accordingly, there is a serious dispute between Plaintiffs and Defendants on this critical issue.

The Parties successfully mediated this matter on October 26, 2022. The Parties first negotiated the settlement of Plaintiffs' claims for damages. Defendants maintain that they are not liable to Plaintiff for any damages for the reasons described above. Nevertheless, to avoid continued litigation, and without admitting any guilt or liability, Defendants agreed to pay Plaintiff the total amount of $20,000 for Plaintiff Spriggs and $25,000 for Plaintiff Beattie. The Parties agree that said payments shall be made within seven (7) days of the Court's Order approving this settlement.

The Parties agreed that the above amounts were fair compromises. The Parties recognized continued litigation carried substantial increased risks, including the inability to definitively establish the hours Plaintiffs worked due to incomplete records, Defendants' arguments against liability on the merits, and ever-mounting attorney's fees and litigation expenses on both sides. The Parties and their counsel, therefore, agreed that the amount of the total settlements to Plaintiffs was fair and reasonable given the circumstances.

The parties could not resolve Plaintiffs' claim for attorney's fees, and therefore have agreed to submit this matter to the Court for a binding ruling.

The Parties determined that the likely expense and duration of this litigation militated in favor of settlement. Significant additional factual investigation would be necessary regarding Defendants' defenses to Plaintiffs' claims. The Parties stipulate that they are resolving this action in order to avoid the cost, time, emotional toll, and risks associated with continued litigation.

There is no claim or indication of fraud or collusion in the settlement. Plaintiffs and Defendants were each represented by experienced employment litigation counsel and law firms. Zipin, Amster & Greenberg, LLC is a boutique, employee-oriented employment law firm. The lead attorney for Plaintiff, Roy Lyford-Pike, was admitted to practice law in December of 2015. He is co-chair of the Employment Law Section of the Bar Association of Montgomery County and the Immediate Past President of the Maryland Hispanic Bar Association. He practices exclusively employment law. Mr. Lyford-Pike is an active member of the National Employment Lawyers Association, the Metropolitan Washington Employment Lawyers Association, and a member of the Executive Board of the Maryland Employment Lawyers Association. Mr. Lyford-Pike was selected by his peers as a "Super Lawyers Rising Star" every year since 2019.

Defendants were represented by Buckel, Levasseur, Pillai & Beeman, LLC and more particularly attorneys Jason C. Buckel and T. Lee Beeman, Jr. Jason C. Buckel has 26 years of experience handling complex civil litigation matters on behalf of both plaintiffs and defendants. He is admitted to practice before all courts in the State of Maryland as well as the United States District Court for the District of Maryland. T. Lee Beeman, Jr. has eight years of experience handling civil litigation. He is admitted to practice before all courts in the State of Maryland and

State of West Virginia as well as the United States District Court for the District of Maryland and the Northern District of West Virginia.

The Parties attest and stipulate to the fairness and reasonableness of their settlement and request that the Court approve same.

IV.     **Conclusion**

This settlement was negotiated through experienced counsel and is a reasonable compromise of disputed issues. The Parties, with the advice and counsel of their respective attorneys, freely and voluntarily agreed to the settlement and deemed it to be fair and reasonable. The Parties further agree and stipulate that, upon approval by the Court of the settlement and payment made to Plaintiffs pursuant to the settlement, Plaintiff will have received all wages owed by Defendants. The Parties therefore respectfully request that the Court waive oral argument on this Motion and approve the Parties' settlement.

Respectfully submitted,

*/s/ Roy Lyford-Pike*
Philip B. Zipin, Bar No. 03932
8757 Georgia Ave., Suite 400
Silver Spring, Maryland 20910
Phone:   (301) 587 - 9373
Fax:       (240) 839 – 9142
pzipin@zagfirm.com

*Counsel for Plaintiff*

*/s/ T. Lee Beeman, Jr.*
Jason C. Buckel, Bar No: 24766
T. Lee Beeman, Jr., Bar Number: 19613
Buckel, Levasseur,
Pillai & Beeman, LLC
206 Washington Street
Cumberland, Maryland 21502
Phone: (301) 759-3700
Fax:     (301) 982-9450
lbeeman@blplaw.com
blplaw@atlanticbbn.net

*Counsel for Defendants*